Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3826 | **DATE** | 9/18/2002 |
| **CASE TITLE** | James Dailey et al vs. Consolidated Stores | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motions of defendants Consolidated Stores Corporation n/k/a Big Lots [68-1] and J.C. Construction Management L.L.C. [74-1] for summary judgment pursuant to FRCP 56. Judgment is entered in favor of the defendants, and this case is hereby terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | SEP 19 2002 | Document Number |
| | Notices mailed by judge's staff. | | number of notices | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 SEP 19 PM 4:05 | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES DAILEY and CATHY DAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 00 C 3826 |
| v. | ) |
| | ) Wayne R. Andersen |
| CONSOLIDATED STORES CORPORATION and J.C. CONSTRUCTION MANAGEMENT, L.L.C., | ) District Judge |
| | ) |
| Defendants. | ) |

**DOCKETED**
**SEP 1 9 2002**

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motions of defendants Consolidated Stores Corporation and J.C. Construction Management, L.L.C. for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motions are granted.

## BACKGROUND

James Dailey sued defendants Consolidated Stores Corporation n/k/a Big Lots, Inc. ("Big Lots") and J.C. Construction Management, L.L.C. ("JCC") in Illinois state court for negligence arising from injuries he allegedly sustained in a fall from a ladder on a construction project at a Big Lots store on November 14, 1997. His wife, Cathy Dailey, sued for loss of consortium. The case was removed to this court on the basis of diversity of citizenship under 28 U.S.C. § 1441(a).

Big Lots operates discount retail stores. In 1997, Big Lots leased an existing building in Carpentersville, Illinois, and hired JCC to act as the general contractor to renovate the building ("the project"). JCC hired K&M Mechanical, Inc. ("K&M") as the electrical subcontractor on the project on a time-and-materials basis, with no written contract. At some point early in the

project, K&M was asked to install coaxial cable for security cameras in the building, and agreed to do so. John Hawkins, a K&M employee, was the on-site supervisor for K&M on the project. On November 7, 1997, K&M hired James Dailey, a union electrician with twenty-three years experience, to assist in the electrical subcontract work on the project.

JCC and John Hawkins of K&M agreed that JCC would provide no instructions whatsoever to K&M employees, and would only see that the subcontractors completed their work. Hawkins testified that JCC never provided him with instructions in the means and methods to perform the electrical work. Hawkins also insisted that it was his duty, as on-site supervisor for K&M, to assure that K&M employees carried out their tasks in a safe manner.

On November 14, 1997, James Dailey was attempting to install coaxial cable along a wall in the rear room of the Big Lots store next to a conveyor belt. Dailey was using a wooden A-frame twelve or fourteen foot ladder that lacked plastic skids on the bottom of each leg. Although the ladder was designed to be opened before use and the floor in the area was made of cement, Dailey leaned the ladder unopened against the wall. Dailey climbed the ladder with the coaxial cable in one hand, but the ladder's feet slipped on the cement floor when Dailey's feet were about eight feet above the ground, causing Dailey to fall to the ground and suffer injuries. The parties agree that climbing a partially opened A-frame ladder after leaning it against a wall with its bare wooden feet resting upon a cement floor is an unsafe practice.

## DISCUSSION

A party is entitled to summary judgment when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law. Fed.R.Civ.P. 56(c). The Court will not render summary judgment if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The mere possibility of a factual dispute is not enough to defeat a summary judgment motion. *Id.* 250; *Waidridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Plaintiffs allege that Big Lots controlled and managed the overall construction work in a manner that the premises became unsafe for James Dailey. Specifically, plaintiffs allege that Big Lots negligently allowed Dailey's use of an unsafe ladder without anti-skid feet and "[f]ailed to provide a safe workplace in that Defendant's stock and other property was situated in such a way that Plaintiff had [to] set up and use the ladder around such things when Defendant knew or in the exercise of ordinary care should have known that it was unsafe to use the ladder in that manner." Moreover Plaintiffs allege that Big Lots "[f]ailed to prevent Plaintiff from using the ladder when Defendant knew or should have known that Plaintiff's use of the ladder was unsafe." Amended Complaint ¶9. Plaintiffs allege that JCC "directed Plaintiff to install cable for security cameras and provided Plaintiff with a wooden ladder to do such work." Amended Complaint, Count III, ¶4. Plaintiffs also allege that JCC had a duty to use ordinary care for the safety of Plaintiff James Dailey, and was negligent by directing and allowing Dailey to use the ladder when it should have known the ladder was unsafe in that it had nothing on its legs to prevent them from slipping. Amended Complaint ¶7.

I. **Negligence Standard**

We note at the outset that a federal district court exercising diversity jurisdiction shall apply the substantive law of the state in which it sits. *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct.817

3

(1938). Under Illinois law, the liability of a general contractor or an owner for injury to an independent contractor's employee at a worksite is based upon common law negligence principles. *Rangel v. Brookhaven Constructors, Inc.*, 241 Ill.Dec. 313, 719 N.E.2d 174, 175 (1st Dist. 1999); *Connaghan v. Caplice*, 325 Ill.App.3d 245, 757 N.E.2d 971, 975 (2d Dist. 2001). To prevail on their negligence claims against each defendant, Plaintiffs must establish that the defendant owed them a duty, breached that duty, and that the breach proximately caused Plaintiffs' injuries. *Fris v. Personal Products Co.*, 627 N.E.2d 1265, 1269 (3d Dist.1994). The existence of a duty of care owed by a defendant to a plaintiff is thus an essential element of a negligence action. *Connaghan, supra* at 975. The existence of a duty of care must be determined by the court as a matter of law, and, absent a showing from which the court can infer the existence of a duty, no recovery by the plaintiff is possible as a matter of law. *Rangel, supra* at 176; *Hutchcraft v. Independent Mechanical Indus.*, 726 N.E.3d 1171,1176 (4th Dist. 2000). The question of who controls the work must be answered before it can be said a duty exists to use reasonable care. *Rangel, supra* at 175.

## II. "Retention of Control" over Employee of Independent Contractor

Plaintiff James Dailey was an employee of K&M, which had a contract with JCC to perform the electrical work on the project. In other words, Plaintiff Dailey was an employee of an independent contractor. Neither K&M nor Plaintiff Dailey had any contractual relationship with Big Lots, the owner.

As a general rule, one who employs an independent contractor is not liable for the acts or omissions of the independent contractor. *Rangel, supra* at 176 -177; *Connaghan, supra* at 975; *Hutchcraft, supra* at 1177; *Fris, supra* at 1269. Illinois has adopted Section 414 of the

4

Restatement (Second) of Torts as an exception to this rule. *Rangel, supra* at 177. Under this exception, one who employs an independent contractor can be liable to an employee of the independent contractor if the employer "retains control" over the work at issue and fails to exercise that control with reasonable care. *Id.* Specifically, Section 414 provides:

> One who entrusts work to an independent contractor, but who *retains control* of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care. (emphasis added.) Restatement (Second) of Torts § 414, at 387 (1965).

Although retention of control sufficient to give rise to a duty of reasonable care to a third party generally is a question of fact, when the evidence presented is insufficient to create a factual question, the question may be determined as a matter of law on a summary judgment motion. *Bokodi v. Foster Wheeler Robbins, Inc.*, 728 N.E.2d 726, 730 (1st Dist. 2000).

The concept of "retained control" is explained at comment c to Restatement (Second) Section 414, which provides:

> In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations or deviations. Such a general right is usually reserved to employers, but it does not mean that the *contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.* (emphasis added). Restatement (Second) of Torts § 414, Comment c, at 388 (1965).

Illinois appellate courts have carefully followed the criteria of Section 414 and comment c. Retention of a general right to inspect the work, to order it stopped or resumed, to make

5

suggestions or recommendations or prescribe alterations or deviations, or to enforce safety regulations, has been held insufficient. *See Rangel, supra* at 177; *Fris, supra* at 1269-1270; *Hutchcraft, supra* at 1177; *Connaghan, supra* at 976. Further, mere ownership of the property or equipment being used has been held insufficient. *Steuri v. Prudential Insurance Co.*, 688 N.E.2d 1066, 1071 (First Dist. 1996) (ownership of property upon which project stood insufficient); *Connaghan, supra* at 976 (ownership of allegedly unsafe ladder from which plaintiff fell insufficient).

Rather, Illinois courts have followed comment c and held that the right to control the work must relate to the "manner in which the work is done," that the employer must have control over the "operative details" of the work, and that the employer must retain a right of supervision "[t]hat the contractor is not entirely free to do the work in his own way." *Rangel, supra* at 177; *Fris, supra* at 1269 - 1270; *Hutchcraft, supra* at 1177; *Connaghan, supra* at 976. The plaintiff must prove that the employer controlled not only the ends of the work, but also the "incidental aspects" of the plaintiff's work, the means by which those ends were to be achieved. *Rangel, supra* at 177-178; *Fris, supra* at 1270; *Connaghan, supra* at 976.

In a case analogous to this one, the Illinois Appellate Court affirmed summary judgment in favor of the property owner/general contractor in a lawsuit by an independent contractor. *Connaghan v. Caplice*, 325 Ill.App.3d 245, 757 N.E.2d 971 (2nd Dist. 2001). In Connaghan, the owner hired the plaintiff and several other contractors directly instead of hiring a general contractor. Plaintiff, a carpenter subcontractor, was to perform rough carpentry work on the owner's house and rough framing work on the garage. *Id.* at 973. Plaintiff argued that the owner/general contractor had sufficient control over the project to impose a duty of care because

he had the right to stop work, tell the contractors to be careful, make changes in the windows and garage door, be present during daily construction, hire an architect to prepare blueprints, and supply unsafe ladders.

Plaintiff was using one of the owner-supplied ladders when he fell off and was injured. Plaintiff's expert testified that the ladder was old, in a poor state of repair and violated OSHA safety standards. *Id.* at 974. The trial court nevertheless granted the property owner's summary judgment motion, and the Appellate Court affirmed, finding that the rights reserved to be typical of those reserved to owners and employers. The Appellate Court also found that there was no evidence that the owner had retained sufficient control of the incidental details of plaintiff's work to impose a duty of reasonable care to the plaintiff. The Appellate Court stated:

> In this case, there is nothing to suggest that plaintiff was not entirely free to perform the work in the manner he chose. There is no evidence that defendant ever directed the "operative detail[s]" . . . of the work performed by plaintiff. Although defendant provided the ends, that is the plan and specifications, defendant did not direct plaintiff in the incidental aspects of plaintiff's work. Plaintiff, and not defendant, decided how the work would be done. Plaintiff was free to use whatever tools he chose or to request or obtain additional tools and equipment. The fact that defendant provided plaintiff with an allegedly unsafe ladder and did not provide scaffolding is not enough to establish that defendant retained control over the "incidental aspects" of plaintiff's work. *Fris* at 1265. Defendant did not tell plaintiff how to use the ladder or where to place it. Defendant simply made the ladder available to plaintiff. Nothing in the record indicates defendant knew or should have known that the ladder was unsafe. . . Here, defendant provided the ends but not the means of the job, did not supervise plaintiff's work methods, and had no safety or equipment requirements. Rather, defendant provided plans and the ladders and left the incidental aspects of the plaintiff's work to the plaintiff.

*Id.* at 976-77.

With these standards in mind, we will examine the facts in this case to determine whether the defendants retained enough control over the work to give rise to a duty of care to plaintiff.

### III. Neither Big Lots nor JCC owed Plaintiff a duty.

In this case, it is clear that neither Big Lots nor JCC owed plaintiff a duty. Big Lots' only connection with the work to be performed was its ownership of the property, and its contract with JCC, the general contractor. Plaintiff Dailey was an employee of K&M, a subcontractor of JCC. Big Lots did not hire K&M and had no relationship with K&M or its employees. It is undisputed that Big Lots never in fact exercised control over the means by which Plaintiff did his work.

Plaintiff testified that he received from Big Lots only a map denoting the locations of the security cameras. Moreover, the security person for Big Lots never gave him any instructions. K&M's on-site supervisor, John Hawkins, testified that Big Lots never controlled the operative details of K&M's work. Big Lots as the owner had no duty to Plaintiff, an employee of an independent contractor, because it did not retain control over the work. *See Hutchcraft, supra*, at 1176 – 1177. Specifically, Big Lots did not control the manner in which Plaintiff's work was done, Plaintiff's or K&M's methods of work, or the operative details of that work. K&M and Plaintiff were entirely free to do their work in their own way.

JCC, the general contractor, in turn hired K&M as the electrical subcontractor and agreed with John Hawkins, K&M's on-site supervisor, that JCC would provide no instructions to K&M employees. In fact, Hawkins testified that JCC in fact provided no direction of the means and methods for performance of the electrical work and that Hawkins was responsible for the safety of K&M employees on the project. JCC likewise retained no control over the operative details of the electrical work of K&M or Plaintiff, and they were entirely free to perform their work in their own manner. *See Rangel, supra* at 178; *Fris, supra* at 1270.

Thus, Plaintiff has failed to establish that either Big Lots or JCC retained control over the

8

operative details of his work. On the contrary, Plaintiff was free to do the work his own way and did so. Under Illinois case law, neither Big Lots nor JCC owed Plaintiff a duty. Moreover, even if such a duty existed, there is no evidence that Big Lots or JCC breached that duty. Therefore, we grant defendants' motions for summary judgment.

Finally, Plaintiff Cathy Dailey's claim for loss of consortium derives from James Dailey's claim, and must fail if he has no claim. *Blagg v. F.W.D. Truck and Equipment Co.*, 572 N.E.2d 920, 926 (Ill. 1991). For these reasons, we grant summary judgment on all claims in favor of the defendants.

## CONCLUSION

For the foregoing reasons, we grant the motions of defendants Consolidated Stores Corporation n/k/a Big Lots (# 68-1) and J.C. Construction Management L.L.C. (# 74-1) for summary judgment pursuant to Fed.R.Civ.P. 56. Judgment is entered in favor of the defendants, and this case is hereby terminated. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: September 18, 2003